11

MIED (Rev.5/13) General Civil Complaint

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Sophia Schiralli Plaintiff(s),

v.

Case: 2:26-cv-13980
Assigned To : Grey, Jonathan J.C.
Referral Judge: Patti, Anthony P.
Assign. Date : 10/19/2026
Description: CMP Sophia Schiralli v. iheartmedia inc (JB)

iHeartmedia, Inc Defendant(s).

## COMPLAINT

I. Defendant(s). Print the full name for each defendant. If there are more defendants, use additional pages to provide their names.

**Name of Defendant(s)**

1. iHeart media, Inc
2. 
3. 
4. 
5. 

II. Statement of claim. Briefly state the facts of your case. Describe how each defendant is involved, and exactly what each defendant did, or failed to do. Include names of any other persons involved, dates, and places. You may use additional paper if necessary.

1. attached, please see page 4.

III. Relief. Briefly state exactly what you want the court to do for you.

1. attached page 5-6

IV. Additional Information. – Briefly enter any additional information, you may use additional paper.

Plaintiff respectfully requests the court to review the attached affadavit of support, statement of claim and the copies of formal correspondence included in this filing.

V. Demand for Jury Trial. Check this box if you want your case to be decided by a jury, instead of a judge.

☐ Plaintiff demands a jury trial on all issues.

Dated: 19 October 2026

Sophia Schiralli
Plaintiff's Signature

Sophia Schiralli
Plaintiff's Printed Name

1082 east chicago blvd
Street Address

Tecumseh, MI 49286
City, State, Zip Code

(917) 855-1015
Telephone Number

sophiaemma1719@gmail.com
E-mail Address

## II. STATEMENT OF CLAIM

### A. Factual Allegations

Plaintiff is an individual residing at all relevant times within her private home, an environment carrying the highest expectation of privacy, safety, and seclusion under the law. Defendant, iHeartMedia, Inc., is a major media corporation that employs, produces, distributes, and exercises strict supervisory, operational, and corporate control over various media content streams, including the podcast "Stuff They Don't Want You to Know." At all relevant times, the hosts, producers, and operational personnel of "Stuff They Don't Want You to Know," including podcaster Ben Bowlin (collectively, "the Clients"), a cted as agents, employees, or independent contractors operating under the direct employment, production authority, and corporate umbrella of Defendant iHeartMedia, Inc. As an employer and media distributor, Defendant owed a strict legal duty of care to the public to properly supervise, monitor, and control its employees and distributed talent, ensuring they did not use corporate assets or platform affiliations to violate the statutory or common-law rights of individuals.

From approximately January or February 2026 through April 2026, Defendant's Clients utilized the Spotify application and associated digital software mechanisms to initiate a severe, unauthorized, and deeply distressing digital intrusion upon Plaintiff. Specifically, the Clients manipulated or exploited the Spotify platform to establish a non-consensual, two-way interaction, unauthorized data transmission, and non-consensual access to Plaintiff's personal cellular phone and protected electronic account. This digital intrusion frequently occurred during late evening and overnight hours while Plaintiff was in bed in her private bedroom, completely compromising the safety, security, and absolute privacy of her domicile.

Initially, because Plaintiff had been actively applying to various government positions, Plaintiff acted under the good-faith belief that this digital interaction was an official employment screening mechanism or specialized job test. Plaintiff had no reason to believe, and did not initially suspect, that Defendant's corporate employees would engage in unauthorized, harmful, and unlawful electronic monitoring inside her home. As a direct and proximate result of this continuous and highly offensive electronic intrusion, Plaintiff suffered severe, ongoing, and debilitating injuries, including profound confusion, severe sleep deprivation, extreme emotional distress, a total compromise of personal safety, and a significant, painful exacerbation of her post-traumatic stress disorder (PTSD).

On August 15, 2026, Plaintiff acted in good faith to resolve this crisis by mailing a formal letter to Defendant iHeartMedia, Inc., explicitly putting the corporation on notice of the ongoing privacy breach, the digital intrusion, and the severe common-law harm of Intrusion upon Seclusion perpetrated by their employee, Ben Bowlin, and the associated podcast team. On August 26, 2026, a representative from Defendant's corporate legal team, identified as Victoria James, contacted Plaintiff via telephone in response to the August 15 notice letter. During this phone conversation, Plaintiff explicitly informed Ms. James of the full nature of the breach, clarifying that she had initially mistaken the intrusion for a government job test, and reemphasized that the Client' s actions were entirely unauthorized, highly distressing, and illegal. Following the August 26, 2026 telephone call, Defendant iHeartMedia, Inc. breached its ongoing corporate duty of care. Defendant failed to provide any follow-up communication, failed to assist in resolving the ongoing issue, and failed to take any measurable corrective or disciplinary action

to supervise its employees, investigate the breach, or mitigate the severe privacy violations perpetrated under its corporate banner.

**B. Legal Claims & Violations**

**Count I: *Statutory Violation of the Computer Fraud and Abuse Act* (18 U.S.C. § 1030)**

Plaintiff realleges and incorporates by reference the factual allegations detailed above as if fully set forth herein. Plaintiff's personal mobile computing device constitutes a "protected computer" under 18 U.S.C. § 1030(e)(2) as it is used in and affects interstate commerce and communication. Defendant's Clients knowingly, intentionally, and without authorization accessed Plaintiff's protected device and Spotify account, establishing a non-consensual two-way data transmission stream in direct violation of federal computer safety, security, and data integrity standards. Defendant iHeartMedia, Inc. is vicariously liable under the doctrine of respondeat superior for the statutory violations of its employees and Clients. Defendant produced, monetized, and distributed the specific media streams through which this electronic intrusion occurred, and knowingly permitted its platform, resources, and personnel to breach established digital boundaries while acting within the scope of their production roles.

**Count II: Common-Law Tort of Intrusion upon Seclusion**

Plaintiff realleges and incorporates by reference the factual allegations detailed above as if fully set forth herein. Defendant's Clients intentionally intruded, physically and electronically via digital application software, upon the solitude, seclusion, and private affairs of Plaintiff within the absolute privacy of her bedroom sanctuary. This intrusion would be highly offensive to any reasonable person, as it involved the unauthorized hacking, monitoring, and interactive tracking of a personal electronic device inside a private residency during sensitive sleeping hours.

Defendant iHeartMedia, Inc. is directly liable for the resulting harm due to its concurrent corporate negligence and breach of its duties as an employer. Defendant failed to maintain required security boundaries, failed to properly supervise and control its distributed talent, and directly breached its duty of care by failing to intervene, investigate, or halt the intrusion after receiving explicit, actual notice of the tortious conduct from Plaintiff on August 15, 2026, and through its legal representative on August 26, 2026. As a direct and proximate result of the statutory and common-law violations facilitated, ignored, or left unchecked by Defendant, Plaintiff has suffered and continues to suffer severe emotional distress, deep physical and psychological trauma, and a total destruction of her personal safety, peace of mind, and well-being.

**III. PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, iHeartMedia, Inc., and grant the following relief:

Plaintiff seeks compensatory and special damages in an amount to be determined and agreed upon by both parties, or an amount to be evaluated and awarded at trial, to fully compensate

Plaintiff for the severe out-of-pocket losses, medical and therapeutic costs, profound emotional distress, prolonged sleep deprivation, and severe psychological trauma proximately caused by the unauthorized digital intrusions.

Plaintiff requests an order requiring Defendant to secure Plaintiff's account and implement all necessary security measures to ensure there will be no further acts of digital intrusion or privacy violations on Plaintiff's account by Defendant, its employees, or any third parties. Furthermore, Plaintiff seeks an order directing Defendant to immediately halt any unauthorized broadcast or access of Plaintiff's private data, and to verify the complete, permanent removal of all breached digital credentials.

Plaintiff requests an order requiring Defendant to provide and fully fund comprehensive security, credit monitoring, and identity theft protection services, such as LifeLock or an equivalent premium service, for a period to be determined by the court, to actively restore her personal safety and insulate her digital identity from further abuse.

Finally, Plaintiff requests an award of all reasonable costs, disbursements, and legal expenses incurred in bringing this action, alongside such other, further, and alternative relief as the court deems just, equitable, and proper under the circumstances.

Dated: October 15, 2026

Respectfully submitted,

Sophia Schiralli

[Sophia Schiralli]
Plaintiff, Pro Se]
[1082 East Chicago blvd, Apt 24]
[Tecumseh, MI, 49286]
[917.855.1015]
[sophiaemma1719@gmail.com]

iHeartMedia, Inc.
Attn: Legal Department
20880 Stone Oak Parkway
San Antonio, Texas 78258

Date: 15 August 2026

To Whom it May Concern,

I am reaching out regarding a privacy breach by one of your clients, [ Ben Bowlin ] on my electronic device without my consent or knowledge. I hope we can resolve this issue privately, perhaps with a Mutual Solution Agreement. I decided to contact your legal team, as this method most aligns with my values, and I believe we can end this issue in good faith. Filing a lawsuit seems most aggressive- names are mentioned on record, and I do not wish to potentially harm your client's reputation.

I hope to hear back from your team before September 1, and I hope your team can help me resolve this issue. As I am not a lawyer and this is not my area of expertise, it has been extremely time-consuming and stressful trying to determine the best route to address this. After many months, I believe a private resolution is the proper way forward. If I pursue the civil route, both parties would face the unnecessary burdens of travel and time, with the ultimate result potentially outside either side's control.

This Intrusion on Privacy by your client intimidated and scared me, as it occurred in various locations without my consent, like my bedroom (safe-zone) in Michigan, as well as my aunt's residence in Brooklyn, New York. Having my privacy breached in my own bedroom by someone I never met led to confusion, worsened my sleep given that I have had PTSD since 2017, and left me feeling extremely violated and unsafe. Any reasonable person would feel confused, but I naively found myself wondering how this was—or could be—legal. I feared how your client obtained access to my device and while I did stop engaging in April 2026, I do need certainty that [ Ben Bowlin ] is no longer accessing my devices and will not do so in the future.

As professionals for one of the top entertainment companies, I am sure your lawyers are the best in the field, and have the expertise to fix this. I did draft an MSA Agreement, but of course, I am not a lawyer and we can use the route you find most efficient- but if you want to see it I can send it over. I am solution focused always, and am seeking the quickest solution that is also best for everyone. I have no interest in unnecessarily publicizing past conduct or harming anyone's reputation for past errors. I am more than willing to sign an appropriate resolution/confidentiality agreement if a mutually acceptable resolution is reached.

Thank you for your time and consideration; I look forward to hearing from you. My phone number is (917) 855-1015.

Sincerely,

Nov 2024- Breach began

<u>OIG</u>
14 Nov 2024- Put official complaint with OIG of fraud issues
Several follow up calls to get my claim number or see progress unanswered

<u>VA</u>
03, 4 November - Raise concerns to Detective Rodelli at Manhattan VA
13 Jan 2025- Per Detective Rodelli's recommendation, notarize a statement of login credentials
Jan 2025- Detective informs me VA Inspecter General is now on the case, and out of his hands

<u>Suffolk County Legal</u>
28 Jan 2025 Request SCDA suffolk county DA, via online form for inquiry. No reply when call a few months later.
23 Dec 3035 Call Suffolk County police to get records

<u>Attorney General</u>
10 Sept 26 call Michigan AG: Description of events (will put in email),with attached letter I sent to Iheartradio
13 April 2026 called and told secretary that information that should be private to law enforcement was broadcasted by media via my electronice device without my consent, and as I am reasonable, this is something a "reasonable person would find offensive."

<u>Chisholm Chisholm and Kilpatrik Law Firm</u>
29 Jan 2026 Drew, a lawyer from my VA legal team, recommends I contact the Attorney General to address the issue

<u>Corporate- iHeartRadio</u>
16 Aug 2026 mail letter attached in email to lawyers, describing situation
26 Aug 2026 representitve calls, obtains info to pass onto their legal team

FOIA requested denied twice, May 2025 and 2026

Spotify USA INC

Attn: Legal Department

4 World Trade Center

150 Greenwich Street,

62nd Floor, 10007

To Whom it May Concern,

I am a user of your platform, and am writing this letter to request assistance with a legal issue. From November 2024 until April 2026, to the best of my knowledge, a privacy breach occurred on my personal electronic device without my consent via your platform. The long violation of privacy occurred on your platform without my consent from three clients of your platform, including the podcast Crime Junkie, which has thousands of listeners. Spotify is not a two way platform, so I felt it critical to fix this legal mess of an issue.

The privacy breach went on for over 18 months (Intrusion of Seclusion Tort), and my desire is only a swift resolution, so I can feel safe in my own home again. I do hope your legal team, which is made up of experts in the legal field, can help me resolve this issue, so I do not need to bring the parties involved to court. With the approximate 18-month duration of the breach, I do not see any intent besides harm, but an Intrusion on Seclusion Tort is quite serious- and I do not want punishment or punitive measures for the parties involved- just a reasonable form of closure for myself and knowing your company will not approve of further violations on my account.

There is no room for this to be a legal gray area, as the breach occurred not only in my residence, buy my cousin's in Brooklyn, New York, as well as in hotels and in Brazil- violating several legal laws of "safe zones" and a reasonable expectation of privacy. Additionally, I mailed a letter to iHeartRadio, which I am attaching; while a representative from their company did call me, their legal department failed to assist in the matter. I made serious allegations, and I hope your team knows I would not do so unless it were true- I will not commit perjury, and I hope the three parties involved also do not. I take full liability for the statements in this letter.

Overall, I love your app, but I did not consent to this in the terms of agreement. I truly hope we can be solution focused and resolve this outside of court. I am quite surprised iHeartRadio did not get back to me after their representative called me, but I believe your company does share my interest in protecting all parties involved.

Thank you so much for your time and consideration!

Sincerely,

Sophia Schiralli

Your Honor,

I am writing this letter to ask for swift closure in this matter and to humbly request expedition of this process, rather than waiting 120 days for certainty. For nearly a year, I have been doing everything I can to resolve this issue of a privacy breach without the benefit of a lawyer, seeking to handle this responsibly and acting in good faith throughout.

Before contacting iHeartMedia, Inc directly, I first attempted to seek guidance through legal and governmental channels, including consulting with the OIG, Office of Attorney General, and VA legal counsel (Chisholm Chisholm and Kilpatrick). Unfortunately, VA counsel could not take the case because they only handle strict VA issues, and this fell outside their scope.

When those options did not resolve the issue, I turned to the corporation directly. On August 15th, 2026, I mailed a letter to the legal team at iHeartMedia, Inc. regarding an Intrusion of Seclusion issue involving their client. I specifically asked their lawyers to help me resolve this quietly. Even though the facts are true, I wanted to protect their client's reputation and prevent any unnecessary fallout.

On August 26th, their representative, Leticia James, called me back to take down the details. During that call, I explicitly told Ms. James that I initially believed this entire privacy breach was a job test. To paraphrase myself, I told her, "I had applied to several government jobs and simply couldn't imagine anyone would do something so illegal." Ms. James said she would pass our discussion onto their legal team. I called her back on August 27th to provide two final pieces of information to ensure they had a complete file. She did not answer, so I left the details on her voicemail. Despite my efforts to cooperate in good faith, I never heard back from iHeartMedia, Inc.

I am most grateful for any help the Court can provide to handle this quickly. Living every day with the uncertainty of privacy in my own home is incredibly difficult. It has taken, and continues to take, a massive mental and physical toll on me. Having exhausted my options to resolve this quietly and without scandal to no avail, I decided Civil Court was my only remaining option. As direct outreach to the corporation failed to ensure my privacy is no longer being breached, I am turning to the Court as a final resort for a definitive resolution.

I declare under the penalty of perjury that the aforementioned statements are true and correct. Thank you so much for your time and consideration.

Dated: October 18, 2026

Respectfully submitted,

Sophia Schiralli

**Sophia Schiralli**
*Pro Se* Plaintiff
1082 East Chicago Blvd, apt 24

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Sophia Schiralli

**(b)** County of Residence of First Listed Plaintiff: Lenawee
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

iHeartMedia Inc.

County of Residence of First Listed Defendant: Bexar
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☑ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
18 USC 1030 Federal computer fraud + Abuse act

Brief description of cause:
unauthorized access of personal device's account + digital privacy breach.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 14 October 2026

SIGNATURE OF ATTORNEY OF RECORD: Sophia Schiralli

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______